# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DARNELL CANE REDMOND,<br><br>  Petitioner,<br><br>vs.<br><br>STATE OF IOWA,[1]<br><br>  Respondent. | No. C06-0139-LRR<br><br>ORDER |

  This matter is before the court pursuant to the petitioner's "request for removal." The Clerk's Office filed such request as a 28 U.S.C. § 2254 action on October 5, 2006. The petitioner's "request for removal" does not comply with Local Rule 81.1(a). Further, it appears from the "request for removal" that the petitioner desires to remove a state post-conviction relief action to this court. *See Redmond v. State*, Case No. PCCV052863 (Linn County Dist. Ct. 200_).[2] Removal of a post-conviction relief action is inappropriate because the petitioner must first meet the exhaustion requirements of 28 U.S.C.

---

[1] The court notes that the petitioner brings this action against the "State of Iowa." 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the "State of Iowa" as the respondent.

[2] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

§ 2254(b)(1). Stated differently, removal is not necessary because the petitioner must fully exhaust the remedies available to him (e.g. utilize the state direct appeal process or state post-conviction relief process) before he is able to file an application pursuant to 28 U.S.C. § 2254. Moreover, the petitioner submits neither the $5.00 filing fee nor an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Accordingly, the petitioner's "request for removal" is denied and this action is remanded to the Iowa District Court in and for Linn County. *See* 28 U.S.C. § 1441, et seq.

**IT IS SO ORDERED**.

**DATED** this 26th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA